# Central of Georgia Railway Company v. Jones.

*Action for Damages for Loss of Goods.*

(Decided April 11, 1907. 43 So. Rep. 575.)

1. *Carriers; Warehousemen; Loss of Baggage; Time of Delivery.*— The failure of a pasenger to call for his baggage within a reasonable time after its delivery at the point of destination, while terminating the carriers absolute liability as an insurer, does not absolve him from liability as a warehousemen or bailee for the loss of such baggage through negligence of its agents.

2. *Same; Presumption of Negligence.*—Proof of loss of baggage by the carrier after its arrival at point of destination, raises a presumption of negligence, and casts on the carrier the burden of acquitiing itself of such presumption.

APPEAL from Geneva County Court.

Heard before Hon. P. N. HICKMAN.

Action by A. E. Jones against the Central of Georgia Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

ESPY & FARMER, for appellant.—A passenger is only allowed a reasonable time within which to remove his baggage and if he fails to do so the liability of the company as common carrier ceases.—6 Cyc. 672; 3 A. & E. Ency. of Law, 564; *Roth v. Buffalo, and S. L. R. R. Co.,* 90 Am. Dec. 736. The court consequently erred in giving the affirmative charge for plaintiff.

E. F. ELLISBERRY, for appellee.—It is a condition precedent to change the carrier's responsibility from that of a common carrier to that of a warehouseman that the baggage should be stored in a reasonably safe warehouse.—3 A. & E. Ency. of Law, p. 571; 21 A. & E. R. R. Cases, 312 and note; 42 Ill. 132; 27 Ia. 24. The carrier failed to overcome the presumption of negligence raised by proof of loss of the baggage.—*C. & W. Ry. Co. v. Ludden,* 89 Ala. 612; *A. & W. R. R. Co. v. Ledbetter,* 92 Ala. 320; *Prince v. Fair Asso.,* 106 Ala. 340; *Davis v. Hurt,* 114 Ala. 146; *Seals v. Edmunds,* 71 Ala. 509; *Haas v. Taylor,* 80 Ala. 460; 75 N. Y. 260. The affirmative charge was, therefore, properly given.

TYSON, C. J.—This action was brought by plaintiff to recover the value of a trunk and its contents, alleged to have been lost by reason of the negligence of defendant's station agent. It is made to appear, both by the pleading and the proof, that the trunk was delivered by plaintiff to defendant to be transported as baggage, from a point in the state of Georgia to Malvern, a station on its line of road in this state. It was also shown that the trunk arrived at Malvern and was taken in charge by the defendant's station agent at that point, and that while in his possession it was taken by some one other than plaintiff during the day of its arrival or during the night of that day.

The point is made that it was the duty of plaintiff to call for his trunk within a reasonable time, and that his failure to do so until the next morning after its arrival and its taking absolves the defendant from all liability. It may be that it was plaintiff's duty to call for his trunk within a reasonable time after its arrival, but his failure to do so did not absolve the defendant from all liability. His failure may have terminated the defendant's liaiblity as carrier, which was that of an insurer, but that of warehouseman or bailee was still extant; and if the trunk was lost by reason of the negligence of its station agent, who received it, as alleged in the complaint, the defendant was liable, and proof of its loss raised the presumption of such negligence, and cast the burden of proof upon the defendant of acquitting itself of negligence.—3 Am. & Eng. Ency. Law (2d Ed.) pp. 750, 751, and note.

The defendant having wholly failed to discharge this burden, the affirmative charge requested by plaintiff was properly given.

Affirmed.

DOWDELL, SIMPSON and ANDERSON, JJ., concur.