(75 South. 885)

LOUISVILLE & N. R. CO. v. HESTLE.
(1 Div. 989.)

(Supreme Court of Alabama.    May 17, 1917.)

1. CARRIERS ⬅➡408(3) — BAGGAGE — FAILURE TO DELIVER—PLEADING.

In an action against a railroad for failure to deliver a trunk and contents, where a plea sought to limit the amount of recovery to the sum of $100 by virtue of a notice printed on the back of the baggage check delivered by the road to plaintiff, but showed no special contract in consideration of reduced charges or special concessions, and did not negative the unreasonableness of the limitation, plaintiff's demurrer thereto was properly sustained.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1560, 1561.]

2. CARRIERS ⬅➡408(6)—BAGGAGE—QUESTION . FOR JURY.

In an action against a railroad for failure to deliver a trunk, question whether plaintiff's trunk ever reached the station to which it was checked, held for the jury.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1571.]

3. CARRIERS ⬅➡391 — BAGGAGE — NATURE OF ARTICLES.

The question as to what constitutes baggage for a traveler depends much on the circumstances of each peculiar case, the conveniences required for the journey, the duration of absence, and the position of the parties.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1520–1528.]

4. CARRIERS ⬅➡391—"BAGGAGE."

A thimble was an appropriate article to be carried in her trunk by plaintiff, the mother of two small children, on a visit to her mother in the country, and so was "baggage." .

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1520–1528.

For other definitions, see Words and Phrases, First and Second Series, Baggage.]

5. CARRIERS ⬅➡404—CARRIAGE OF GOODS—REMOVAL ON ARRIVAL.

The consignee of freight is allowed a reasonable time to remove the goods after arrival, and, until he has had such reasonable opportunity, the liability of the road as a carrier continues, but thereafter it is responsible only as warehouseman or keeper for hire.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1539–1543.]

6. CARRIERS ⬅➡404—BAGGAGE—LIABILITY AS INSURER.

Where a railroad received a trunk to be · transported as baggage, which it promptly did, its agent at destination taking charge of the trunk on arrival at 1 p. m., and being immediately ready, willing, and anxious to deliver to the passenger, who had arrived on the same train, and the agent remained at the station until 5 p. m.; continuing ready, willing, and anxious to deliver to the passenger, who did not call for the trunk, so that the agent, at 5 p. m., the usual hour of closing, placed the trunk in the railroad's warehouse, carefully and securely locking it up, the liability of the road as an insurer for the safety of the trunk ended.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1539–1543.]·

7. CARRIERS ⬅➡408(3) — CARRIAGE OF BAGGAGE—PLEADING—REPLICATION.

If there were any peculiar facts or circumstances excusing a passenger, suing a road for loss of her trunk, for her failure to call for it at destination within a period of time shown in the road's plea, they should have been presented by way of replication.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1560, 1561.]

8. CARRIERS ⬅➡404—CARRIAGE OF BAGGAGE—PERIOD OF CONTINUANCE OF LIABILITY—STATUTE.

Gen. Acts 1915, p. 710, dealing with the question of excess baggage and charges therefor, section 4, fixing the time within which no storage shall be charged by the carrier on such baggage, did not fix the time within which a railroad's liability for baggage as a carrier shall continue.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1539–1543.]

Appeal from Circuit Court, Monroe County; Ben D. Turner, Judge.

Suit by Mrs. Mattie Emma Hestle against the Louisville & Nashville Railroad Company. From a judgment for plaintiff, defendant appeals. Transferred from the Court of Appeals under Acts 1911, p. 450, § 6. Reversed, and cause remanded.

Suit by appellee against the appellant to recover damages for the failure to deliver one trunk and contents, the property of plaintiff, received by the defendant as a common carrier at Beatrice, Ala., on February 28, 1916, to be delivered to the plaintiff at Monroe, Ala. The cause was tried upon counts 3 and 4, which said counts showed that the plaintiff became a passenger on defendant's road, having purchased a ticket from Beatrice to Monroe, Ala., and checked her trunk accordingly, presenting the check to the agent at Monroe, Ala., who failed to deliver the trunk to her, and' hence this suit.

These counts, therefore, sought to fasten liability upon defendant as insurer, no negligence having been alleged. So much of plea 6 as is here pertinent reads as follows:

"For further answer to the said complaint and to each and every count thereof, defendant says that it is a common carrier engaged in the trans-

---

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

portation of passengers and baggage between Beatrice, Ala., and Monroe, Ala., and other points; that the trunk and contents forming the basis of this suit were delivered to defendant at Beatrice, Ala., on, to wit, February 28, 1916, as baggage, to be transported as such by defendant to Monroe, Ala., the contract of carriage growing out of and being incidental to the purchase from defendant by plaintiff of a whole ticket entitling her to passage on defendant's trains from Beatrice, Ala., to Monroe, Ala.; that a part of the consideration of said contract between plaintiff and defendant was that the value of the trunk and contents thus offered for transportation shall be deemed to be not in excess of $100; that notice of said stipulation in the contract between plaintiff and defendant was brought to the attention of plaintiff at the time the said trunk and contents were tendered to defendant for transportation; that on the back of the duplicate check given to the plaintiff by the defendant to be by her used as a receipt from defendant for the trunk and as identification at the point of delivery, contained the following notice, in words and figures as follows, to wit: 'It shall be the duty of every passenger tendering baggage for transportation to declare the value thereof, without inquiry by the carrier or any agent or employé thereof unless a greater sum is declared by the passenger according to the form prescribed by checking carrier and charges paid for increased value at time of delivery to carrier, the value of the baggage or articles belonging to or checked for an adult passenger shall be held to have been declared and agreed by him to be, and shall bé deemed to be, not in excess of $100.' And defendant alleges that plaintiff did not declare the value of said baggage on tendering and delivering the same to defendant for transportation as aforesaid. Therefore, if defendant is liable to plaintiff at all in the above-styled cause, its liability should not exceed the sum of $100."

Plea 7 reads as follows:

"For further answer to said complaint, and each separate count thereof, defendant says that it received the trunk and contents forming the basis of this suit as a carrier at Beatrice, Ala., on, to wit, February 28, 1916, to be transported as baggage of the plaintiff, who had purchased from defendant's agent at Beatrice, Ala., one whole ticket entitling her, together with her personal baggage and effects, to transportation from Beatrice, Ala., to Monroe, Ala.; that in pursuance to said contract defendant did transport said trunk and contents as baggage from Beatrice, Ala., to Monroe, Ala., on said date, the said trunk and contents arriving at Monroe at about 1 o'clock p. m. on said date. Defendant alleges that promptly on its arrival at Monroe, Ala., defendant's agent took charge of said trunk and contents, that he was immediately ready, willing, and anxious to deliver same to plaintiff, who had arrived at Monroe, Ala., on the same train bearing said trunk and contents, and that said agent of defendant remained at said depot of defendant at Monroe, Ala., until about 5 o'clock p. m. on said date, during which time he had possession of said trunk and contents, and was willing, ready, and anxious to deliver same to plaintiff, but that plaintiff did not call for the same on the same date of its arrival at Monroe, Ala. At the usual hour of closing said warehouse and depot, at about 5 o'clock p. m. defendant's agent placed said trunk and contents in the warehouse of defendant at Monroe, Ala., carefully and securely locking the same up therein, and that thereupon the liability of defendant as an insurer of said trunk and contents ended, and that defendant was no longer liable therefor as a common carrier. Defendant further alleges that at all times between 1 o'clock p. m. and 5 o'clock p. m. on said February 28, 1916, the depot of defendant at Monroe, Ala., was accessible to plaintiff for the purpose of removing said baggage therefrom, and that her failure to call for it and remove said baggage was due to no negligence of the defendant or its agents, nor was it held by the defendant for the convenience of defendant or its agent."

Demurrers to these pleas were sustained.

The following charge No. 6, requested by the defendant, was refused:

"I charge you, gentlemen of the jury, that if you believe that the trunk in question was brought to Monroe, Ala., on the same train with the plaintiff, and that the defendant was ready and willing to deliver it to the plaintiff from the time the train arrived at 1 o'clock until 5 o'clock in the afternoon of the same day, and that plaintiff made no demand during that time for the trunk, and you further believe there was no negligence on the part of the defendant, then you cannot find for the plaintiff."

Plaintiff, while a witness in her own behalf, was asked if she had in her trunk a certain gold thimble, and what was its value, to which she replied in the affirmative, placing its value at $4. This evidence was objected to by defendant on the ground that the article inquired about was not baggage, and the objection was overruled.

The cause was submitted to the jury resulting in a verdict for plaintiff, and from which judgment the defendant prosecutes this appeal.

Barnett, Bugg & Lee, of Monroeville, for appellant. J. D. Ratcliff, of Monroeville, for appellee.

GARDNER, J. [1] Plea 6 sought to limit the amount of recovery to the sum of $100 by virtue of the notice printed on the back of the check delivered by defendant to the plaintiff, but shows no special contract entered into in consideration of reduced charges or special concessions, nor does it negative the unreasonableness thereof. What was said by this court in A. G. S. R. R. Co. v. Knox, 184 Ala. 485, 63 South. 538, 49 L. R. A. (N. S.) 411, concerning pleas of a similar character to plea 6 here interposed, fully supports the ruling of the trial court in sustaining the demurrers thereto. See, also, So. Ry. Co. v. Dinkins-Davidson Hdw. Co., 139 Ga. 332, 77 S. E. 147, 43 L. R. A. (N. S.) 806.

The plaintiff, as a passenger of defendant's road, boarded the train at Beatrice, Ala., with her two small children and their nurse, traveling on defendant's road to the station of Monroe, Ala., a few miles distant from their starting point. Plaintiff's trunk was duly checked to Monroe, in accordance with her ticket; so, also, was the trunk belonging to the nurse. The evidence shows that the train on which plaintiff traveled left Beatrice at 12:20 p. m., and the baggage was loaded on that train, and the train arrived at Monroe at 12:57 p. m., on the same day, and two trunks were taken off the train at that time. No one called for the trunks during that day, the office remaining open until 5 p. m., and they were placed in the depot, which was

locked for the night; the station agent leaving the station of Monroe at 5:30 that afternoon. Some time between midnight of the same day and 1 o'clock a. m. following, the depot and its contents were destroyed by fire. Proof was offered on the part of defendant tending to show no negligence on its part, and that, in fact, during that night there was a severe electric storm, and some probability that the depot was set on fire by a stroke of lightning.

[2] The plaintiff did not call for her trunk until the morning of the following day; that is, the next day after her arrival at Monroe, and after which, of course, the depot and its contents had been destroyed. There was no direct evidence that plaintiff's trunk reached the station of Monroe, but the evidence was sufficient for this question to be submitted to the jury for their determination. Plaintiff was en route on a visit to her mother at a place 17 miles through the country distant from Monroe, a station known as Perdue Hill. She made no inquiry for her trunk when she arrived at Monroe, and evidence also showed that one Wiggins, who was in the transfer business, offered to carry the trunk out for her that afternoon, but she preferred to see her brother, and have him send for it the next day.

[3] The second question presented relates to the introduction of the evidence that a gold thimble constituted a part of the baggage of plaintiff. The question as to what constitutes baggage for a traveler depends much upon the circumstances of each peculiar case; the conveniences required for the journey, the duration of absence, as well as the position of the parties, and has given rise to much discussion. 5 Ruling Case Law, § 784; Kan. City, Ft. Scott & Memphis Ry. Co. v. McGahey, 63 Ark. 344, 38 S. W. 659, 36 L. R. A. 781, 58 Am. St. Rep. 111; L. & N. R. R. Co. v. Fletcher, 194 Ala. 257, 69 South. 634; 6 Cyc. 666. We need not review the authorities.

[4] The plaintiff was the mother of two small children, on a visit to her mother in the country. Certainly no one would be bold enough to say that a sewing needle would be an inappropriate article for her to carry along on such a journey. The thimble was but the boon companion of the needle, very closely allied to it, and we are clear to the view there was no error in the introduction of this testimony.

The most serious question presented on this appeal relates to the ruling of the court in sustaining the demurrer to plea 7. The complaint upon which the suit was tried consisted of counts 3 and 4, and rested for recovery upon the liability of the carrier as insurer.

[5] The rule in regard to freight is well settled to the effect that the consignee is allowed a reasonable time to remove the goods after they arrive at the place of destination, and until he had had such reasonable opportunity to remove the goods, the liability of the railroad company as a carrier continues, but on his failure to so remove them within a reasonable time, the company is only responsible thereafter as a warehouseman or keeper for hire. It has also been said that generally the determining what constitutes a reasonable opportunity, the mere question of the convenience of the consignee, will not ordinarily be taken into consideration. L. & N. R. R. Co. v. Oden, 80 Ala. 38; Collins v. A. G. S. R. R. Co., 104 Ala. 390, 16 South. 140.

As to the question of defendant's liability as a carrier, it has been held by this court that the rule governing transportation of freight is ordinarily to be applied. A. G. S. R. R. Co. v. Knox, supra. There are certain rules, however, governing the shipment of freight fixed by statute, such as the requirement of notice to the consignee of the arrival of freight (sections 5604, 6137, Code 1907), which are of course, not applicable to the baggage of a passenger. Section 6137 of the Code makes express reference as to the circumstances under which the common carrier is not to be relieved of its liability as such.

No absolute rule can be laid down as to what is a reasonable time within which the passenger should call for and remove his baggage, as this will depend largely upon the peculiar facts and circumstances of each particular case. In view of this fact, therefore, we prefer in this decision to confine ourselves to the facts as presented in this particular case. It seems to be very generally held that if the facts are in dispute the question is one for the jury to determine, but if they are not in dispute it presents a question of law for the court which the court must determine. Tallassee, etc., Mfg. Co. v. Wes. Ry., 128 Ala. 167, 29 South. 203; Continental Jewelry Co. v. Pugh Bros., 168 Ala. 295, 53 South. 324, Ann. Cas. 1912A, 657.

There are numerous authorities holding that ordinarily, that is, under ordinary circumstances, it is the duty of the passenger to call for his baggage on the day of its arrival, although, of course, there may be many circumstances which might vary this rule. 5 Rul. Case Law, § 828; Ouimit v. Henshaw, 35 Vt. 605, 84 Am. Dec. 646; K. C., etc., Ry. Co. v. McGahey, supra; note to case of Denver v. Peterson, 97 Am. St. Rep. 102; Ditman Boot Co. v. Keokuk & Wes. R. R. Co., 91 Iowa, 416, 59 N. W. 257, 51 Am. St. Rep. 352; note to Milwaukee Mirror Wks. v. Chicago, etc., Ry. Co., 38 L. R. A. (N. S.) 383; Tallman v. Chicago, etc., Ry. Co., 136 Wis. 648, 118 N. W. 205, 16 Ann. Cas. 711, and note thereto; C. of Ga. Ry. v. Jones, 150 Ala. 379, 43 South. 575, 9 L. R. A. 1240, 124 Am. St. Rep. 71. The above authorities, especially those collated in the notes herein referred to, collect numerous cases bearing upon the question, and a review of them would extend this opin-

ion to undue length, nor do we mean to indicate an approval of each of the cases cited, but we note the same as bearing upon the general subject. The plea is set out in the report of the case, and its substance need not be here repeated.

[6, 7] We are of the opinion that the facts set up in said plea are sufficient under the above-cited authorities to show an exemption of defendant from liability as an insurer, and that the demurrer thereto should have been overruled. If there were any peculiar facts or circumstances which could be held to excuse the plaintiff for a failure to call for the baggage within the time as shown in said plea, that was a matter which should have been presented by way of replication thereto. Ouimit v. Henshaw, supra.

Charge 6 refused to defendant embodied the substance of plea 7, and as plaintiff showed no peculiar circumstances that would bring the case from without the general rule by way of excuse, the charge should have been given.

[8] It is insisted, however, by counsel for appellee that regardless of the rules as established by the decisions, the Legislature has by the act of September 29, 1915 (Gen. Acts 1915, p. 710), fixed the time within which the liability as a carrier shall continue, having special reference to section 4 of said act. This act has to deal with the question of excess baggage, and charges therefor, and section 4 merely fixes the time within which no storage shall be charged by the carrier on such baggage. We find nothing in the language of section 4 which, in our opinion, discloses any legislative intent to deal with the question of liability here involved. Had that been one of the purposes of the act, it would have been very simple for it to have been so expressed. As to whether or not the trunk in question ever reached the station of Monroe was a question of fact for the jury's determination, and of course, therefore, the defendant was not entitled to the affirmative charge under these circumstances, the counts seeking recovery as for liability of a common carrier.

For the errors indicated, the judgment of the court below will be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.