(81 South. 149)

HESTLE v. LOUISVILLE & N. R. CO.
(1 Div. 283.)

(Court of Appeals of Alabama. Feb. 4, 1919.)

1. EVIDENCE ⬤⟞158(26) — SECONDARY EVIDENCE—ADMISSIBILITY.

In an action against a railroad company as warehouseman for damages for failure to deliver a trunk, an interrogatory propounded to defendant's train baggageman as to baggage handled and delivered on the day of its transportation *held* to call for a direct and positive statement of fact, independent of any record as to such baggage.

2. CARRIERS ⬤⟞408(4)—BAGGAGE—LOSS—PRESUMPTION OF NEGLIGENCE.

In an action against a carrier as warehouseman, where it was shown that the trunk in question was lost by fire, the attending circumstances being known to plaintiff before the demand, which was merely formal, it could not be presumed from the mere failure to deliver that the defendant was guilty of negligence proximately causing the loss.

3. CARRIERS ⬤⟞408(4)—BAGGAGE—LOSS—BURDEN OF PROOF.

In an action against a carrier as warehouseman for failure to deliver a trunk, known by plaintiff to have been destroyed by fire, the burden rested upon plaintiff to show affirmatively that such fire was the immediate result of negligence on the part of defendant or its agents.

4. EVIDENCE ⬤⟞586(3, 4)—LOSS OF BAGGAGE—POSITIVE AND NEGATIVE TESTIMONY — QUESTION FOR JURY.

In an action against a railroad as warehouseman to recover for a trunk destroyed by fire, where defendant's evidence of the delivery of trunk to defendant's agent at destination and that plaintiff did not call for the trunk during the day of its arrival at destination was positive, plaintiff's purely negative statement that she did not see trunk on platform at destination was insufficient to raise an issue of fact for the jury.

Appeal from Circuit Court, Monroe County; Ben D. Turner, Judge.

Action by Mrs. Mattie Emma Hestle against the Louisville & Nashville Railroad Company for damages for failure to deliver a trunk and its contents. From a judgment for defendant, plaintiff appeals. Affirmed.

See, also, 200 Ala. 137, 75 South. 885.

J. D. Ratcliffe, of Monroeville, for appellant.

Barnett, Bugg & Lee, of Monroeville, and Jones, Thomas & Field, of Montgomery, for appellee.

SAMFORD, J. The plaintiff purchased of the defendant's agent a ticket from Beatrice, a regular station on defendant's railroad, to Monroe, another station on the same line about 16 miles distant. On this ticket the plaintiff delivered to the defendant a trunk and its contents, as baggage, to be transported to the point of her destination and for delivery to her there. The defendant issued a check to the plaintiff for the trunk, but the trunk has never been delivered. The complaint claims damages of the defendant, both as a carrier and as a warehouseman. The case was tried on the plea of the general issue and special pleas as to each claim. The questions involved in the claim against defendant as a common carrier were disposed of on a former appeal (L. & N. R. R. Co. v. Hestle, 200 Ala. 137, 75 South. 885), except as will hereinafter appear.

[1] The first assignment of error insisted upon by appellant in brief is to the action of the court in overruling plaintiff's objection to the following questions propounded to defendant's witness:

"If you answer that you were train baggageman in charge of baggage on defendant train No. 1, Southern Alabama Division, on the 28th day of February, 1916, please state whether or not as such baggageman you handled any baggage destined to Monroe, Ala.; if so, please state how many pieces and what kind of baggage was handled for delivery at Monroe, Ala. Also, state where such baggage was received by you for transportation, and where and to whom such baggage was delivered by you. Also, give the numbers of the checks such baggage bore. Also, state to the best of your knowledge and

belief what time of day such baggage for Monroe, Ala., was delivered by you. Let your answer cover all baggage handled by you which was destined for delivery at Monroe, Ala."

The grounds of objection were that the questions called for illegal, irrelevant, and incompetent testimony; the baggage waybill or record is the best evidence; the evidence called for is secondary; it is not shown that the baggage inquired about is the same as is the subject of this suit.

The testimony brought out by the interrogatory was relevant to the issue involved in the suit. The interrogatory propounded to the witness called for a direct and positive statement of a fact, independent of any record that may have been in existence, and it does not appear, as in the case of Boshell v. Cunningham, 76 South. 939,[1] that the witness did not know of his own knowledge the facts to which he testified. The plaintiff might have brought this out if it had been so, but she did not see fit to do so. As to the probative force of the testimony, that was a question for the jury to consider in connection with all the surrounding circumstances. The court did not err in overruling the objection.

[2] When the owner of goods in the hands of a warehouseman calls for delivery, and the warehouseman fails to deliver, the presumption of negligence arises. C. of Ga. Railway Co. v. Jones, 150 Ala. 379, 43 South. 575, 9 L. R. A. (N. S.) 1240, 124 Am. St. Rep. 71; Southern Ry. Co. v. Aldredge & Shelton, 142 Ala. 368, 38 South. 805. But where, as in this case, there is a full explanation of the failure to deliver on demand, and it is shown that the trunk and contents were lost by a cause not involving the bailee in liability, as by a fire, the attending circumstances being known to the plaintiff before demand made, and the demand being merely formal, it cannot be presumed, from the mere failure to deliver, that the defendant had been wanting in care or had been negligent, and his negligence was the proximate cause of the loss.

[3] Therefore, under the facts in this case, the burden rested upon the plaintiff to offer evidence to show affirmatively that the fire which destroyed the trunk was the immediate result of negligence on the part of defendant or its agents, and that the loss was the proximate result of this negligence, and charges asserting this proposition were properly given at the request of the defendant. Seals v. Edmondson, 71 Ala. 509; 40 Cyc. 473.

Charge No. 6 asserts a correct proposition of law, and was referable to one of the issues made by the pleadings. It is as follows:

"I charge you, gentlemen of the jury, that as a warehouseman the defendant is not liable for the loss of plaintiff's trunk by fire under the evidence in this cause, unless the fire was the proximate result of the negligence of defendant or its agents."

The giving of this charge was not error. Authorities supra.

Charge No. 7 is as follows:

"I charge you, gentlemen of the jury, that, if you are reasonably satisfied from the evidence that the fire which destroyed defendant's warehouse and plaintiff's trunk and contents in question was either accidental or the direct result of lightning, then your verdict should be for the defendant."

This charge is held to be good on authority of Pace v. L. & N. R. R. Co., 166 Ala. 519–533, 52 South. 52.

[4] Charges 8 and 9 were in effect the affirmative charge for the defendant on the counts claiming against the defendant as a common carrier. The principles of law applicable to this question have been settled by the Supreme Court in the former appeal. L. & N. R. R. v. Hestle, 75 South. 885.[2] It remains for us to determine whether the evidence was in conflict, so as to leave this a question for the jury. The evidence for defendant was direct and positive as to the delivery of the trunk to defendant and the number of the check given her by the defendant; that a trunk on that same day from the same train on which the plaintiff traveled to Monroe, bearing the same check number, was by the defendant's baggageman delivered to defendant's agent at Monroe. There was other evidence tending to show that plaintiff's trunk was so delivered, and that plaintiff did not call for the trunk during the day of its arrival at the point of destination. Contra to this is the statement of the plaintiff that she did not see her trunk on the platform at Monroe. This purely negative statement is not sufficient to raise an issue of fact. The giving of charges 8 and 9 was not error.

There is no error in the record, and the judgment is affirmed.

Affirmed.