ADDISON M. BROWN, Appellant, v. WALKER D. HINES, Director General of Kansas City Terminal Railway Company, Respondent.

In the Kansas City Court of Appeals, March 5, 1923.

1. **BAILMENT:** Warehouseman: Negligence: Where Owner Had no Knowledge of Limitation of Carrier's Liability Placed on Claim Check, Mere Delivery of Check Containing Limitation Thereof Held Not to Limit Liability of Carrier. Where a carrier, operating a parcel check room, mismated checks and delivered plaintiff's property to another, undertook to limit by contract its liability for loss of parcels checked, *held* that its liability is not limited by delivery of a check which contained a printed stipulation limiting the same, in the absence of evidence that plaintiff's attention was called to provision limiting liability of carrier and that he agreed to the limitation.

2. ———: ———: ———: Limitation of Liability Non-enforcible for Reason That Bailment Was Completed Before Check Limiting Same Was Delivered. Where plaintiff delivered his golf case to a person in charge of parcel check room of defendant, and paid the charge for twenty-four hours' storage thereon and received check therefor, *held* the contract of bailment was completed at time check limiting liability was issued, and therefore the check could not be construed as a contract between the parties because it was issued after the contract of bailment was made, and was a mere token showing who was entitled to possession of the property when called for.

3. ———: ———: ———: Where There Was no Evidence That Plaintiff Agreed to Limitation of Bailee's Liability, Contained in Printed Stipulation on Back of Check, His Consent Thereto Cannot be Inferred from Fact That He Had Previously Checked Articles and Received Similar Checks. Where there was no evidence that plaintiff agreed to conditions printed upon check, limiting liability of bailee for loss of parcels checked, plaintiff's consent thereto cannot be inferred from fact that he had checked parcels at

same check stand on other occasions and saw some printing upon checks at time he received same, but did not read it and had no knowledge that it contained any limitation of bailee's liability.

Appeal from the Circuit Court of Jackson County.—*Hon. Thos. B. Buckner*, Judge.

REVERSED AND REMANDED.

*Omar E. Robinson* for appellant.

*S. W. Sawyer* and *John H. Lathrop* for respondent.

BLAND, J.—This action, arising in a justice court, is to recover $93, the value of a golf bag and its contents which were checked at the union station in Kansas City, Missouri, with the defendant who was acting as a warehouseman in the transaction. The court on behalf of the defendant instructed the jury to return a verdict for plaintiff in the sum of $10 and plaintiff has appealed.

The facts show that plaintiff, coming into the city on the Santa Fe Railway, checked his bag but when he presented his claim check the bag could not be returned to him. It was admitted by defendant at the trial that the persons in charge of the check room had mismated the checks and that plaintiff's bag had been delivered to another person. It was also admitted that this constituted negligence on the part of the defendant. The claim check that was given to plaintiff at the time he checked his bag had printed upon it the following:

"13769 Kansas City Terminal Ry. Co. 10 cents for each 24 hours or fraction thereof. Baggage will be delivered only on surrender of this check. (Following in red): Not responsible for loss of Articles, Parcels, Containers and Contents to exceed $10. Not responsible for property left over 30 days."

Across the face of the check, in pencil, was written "Golf Case."

Prior to the checking of the bag plaintiff had paid

the ten cents exacted of him for the service but at no time was his attention called to any limitation upon the liability of the defendant. He testified that he saw some printing on the check at the time he received it but did not read it and that he had no knowledge that it contained any limitation of liability of any sort; that a dozen or more times prior to this he had checked parcels at this check stand but had never read over or looked closely at the check he received at such times.

It is insisted that the court erred in instructing the jury to the effect that plaintiff was bound by the limitation placed on the claim check. Defendant admits liability for the loss but claims that such liability is limited to $10. We think plaintiff's contention to be well taken. Regardless of whether the defendant could contract against its negligence, there was clearly no contract entered into in this case as there was no agreement made by the plaintiff. In fact, he had no knowledge whatever of the limitation. [Healy v. Railway, 138 N. Y. Supp. 287; Lawson on Bailments, sec. 150 and cases cited.] The limitation stated upon the check is general and does not in terms exclude loss by reason of the negligence of the defendant. There is a rule that these stipulations must be strictly construed against the bailee (6 C. J. 1113), and the question suggests itself as to whether the words of the limitation are broad enough to cover loss caused by the negligence of the defendant. But it makes no difference whether the stipulation is held as intending to cover any loss caused from any cause whatsoever or merely a loss that might occur by reason of any cause except negligence or fraud of the defendant, for in either case defendant must be held liable as it is not shown that plaintiff agreed to the limitation.

It has been held that it is against public policy for a warehouseman to stipulate or contract against loss caused by his own negligence but other cases draw a distinction between gross negligence and ordinary negligence and provide that a bailee may contract against his ordinary negligence but not his gross negligence,

fraud or want of good faith. The curious may consult the following authorities. [3 Amer. & Eng. Ency. of Law 750; 6 C. J. 1112; 13 C. J. 491; 40 Cyc. 437; 3 R. C. L., p. 106; Gashweiler v. Railway, 83 Mo. 112; Chemical Co. v. Lackawanna Line, 78 Mo. App. 305, 313; Ordelheide v. Railroad Co., 80 Mo. App. 35, 36, 38; 16 A. L. R. 286.] We are not holding that a warehouseman cannot contract against his own negligence but are placing our decision on other grounds.

There are authorities holding that it is not contrary to public policy for a railroad to contract for exemption from liability for damages to property as a consideration for permitting another to place or erect and use such property on its premises where such agreement does not embrace property for the injury or destruction of which the company is liable as a common carrier. [See Insurance Co. v. C. & A. Ry. Co., 74 Mo. App. 89; Wabash Ry. Co. v. Ordelheide, 172 Mo. 436; Ordelheide v. Wabash Ry. Co., 175 Mo. 337.] These cases do not involve bailment and the decisions are based upon the ground that such contracts are ones of indemnity. It is held in one of the cases cited that there is nothing immoral in a railroad company's contracting, under such circumstances, that its duties and liabilities to the party with whom it contracts and to the public should remain the same as it was before the lease was made and should not be increased by any additional burden. [Ins. Co. v. C. & A. Ry. Co., supra, l. c. 102.]

We think that the limitation of liability attempted to be made by the defendant was non-enforcible for the further reason that the bailment was completed at the time the check was issued. Plaintiff had paid and defendant had received the charge for keeping the property, and, as plaintiff testified, had also received the golf bag. The check could not in any sense be construed as a contract because it was issued after the contract of bailment was made. [Cothren v. Kansas City Laundry Service Co., 242 S. W. 167, 168; 3 R. C. L. 106, 107.] It

was a mere token showing who was entitled to the possession of the property when called for.

There was no showing that plaintiff agreed to the conditions printed upon the check for the reason that he had checked parcels before at the same check stand and that he saw printed matter, which he did not read, upon the check that he received when he checked the bag in question, as his consent cannot be inferred from these facts. [Cothren v. Laundry Service Co., supra; Lawson on Bailments p. 228.]

We do not think that the cases of Terry v. Railway Co., 62 S. E. 249 (S. C.) and Mo. Pac. Ry. Co. v. Fuqua, 233 S. W. 926 (Ark.) are well considered cases or are in accordance with the great weight of authority in this country upon the subject. The decision in the latter case is based upon the statement—

"A warehouseman may limit his liability to an agreed value of the article received, where the rate charged was based upon the value of the article. This character of contract does not contravene the principle that one cannot contract for exemption or limitation from liability on account of his own negligence."

From the facts stated in the opinion there was no agreement of any kind entered into by the bailor but merely that a check was issued to the owner of the suit case stating that the warehouseman "would not be responsible for loss, damage or detention of articles left in storage for any amount in excess of $25." This does not show any agreed valuation of the contents of the particular suit case and, of course, no contract that plaintiff should be bound by the $25 limitation of liability. A mere general limitation as to value expressed in printed form intended to be applicable to the property of all persons amounts to no more than an arbitrary preadjustment of damages. [Southern Ry. Co. v. Dinkins, 139 Ga. 332.]

We have read the three English cases cited by defendant in support of his contention. They may or may not have distinguishing features but as the points of

law involved are settled by well-considered cases in this country it is unnecessary to go to foreign jurisdictions for authority.

The judgment is reversed and the cause remanded. All concur.