# Kennedy Brothers *v.* Mobile & Girard Railroad Co.

## *Action against Common Carrier for Loss of Goods.*

1. *Liability of railroad company as common carrier, and as warehouse-man.*—When a railroad company receives goods for transportation, safely transports them to the point of destination, informs the consignee of their arrival, and affords him a reasonable opportunity to remove them, its duty and liability as a common carrier are at end; and if the goods are then left in its custody, its liability for a subsequent loss or damage is that of a warehouse-man only.

2. *Variance.*—In an action against a railroad company as a common carrier, for the loss of goods, the complaint being in the form prescribed by the Code (Form No. 13, p. 703), a recovery can not be had on proof of a loss which occurred after the defendant's duty and liability as a carrier had terminated, and while the goods had been left in its custody as a warehouse-man.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. JOHN P. HUBBARD.

GARDNER & WILEY, for appellants, cited Redfield on Railways, vol. 2, p. 82.

JAS. T. NORMAN, *contra*, cited *M. & G. Railroad Co. v. Prewitt*, 46 Ala. 63; *Ala. & Tenn. Rivers Railroad Co. v. Kidd*, 35 Ala. 209; 24 Amer. Dec. 147–8, cases cited in note.

BRICKELL, C. J.—The complaint contains a single count, in the form prescribed by the Code, claiming damages of the defendant for a failure to deliver certain goods, which it had received as a common carrier for transportation and delivery to the consignees of the plaintiffs, at the city of Troy in this State. The uncontroverted facts shown in evidence on the trial in the Circuit Court are, that the goods were safely transported to Troy, the point of destination, and the consignees informed of their arrival; they giving a receipt for them, and making payment of the freight, but, not having a place to store them, the goods were left in the care and custody of the defendant; and if any loss occurred, it occurred after the taking of the receipt and the payment of freight, and after the request that they should remain in the custody of the defendant.

A complaint, like a declaration at common law, should state

the facts necessary to constitute the cause of action, clearly and intelligibly; and the evidence in support of the plaintiff's right of recovery must correspond to its averments. There can be no recovery upon a cause of action, however meritorious it may be, or however satisfactorily proved, that is in substance variant from that which is pleaded by the plaintiff.—1 Chit. Pl. 2711. It is well settled, that when a common carrier safely transports goods to the point of destination, informs the consignee of their arrival, and affords him reasonable opportunity for their removal, his relation, duty, and liability as a carrier terminate; and if subsequently the goods remain in his custody, his liability is that of a bailee for deposit or storage,—as usually designated, that of a warehouse-man. He is bound only to common care and diligence, and liable only for the want of such care and diligence.—*Ala. & Tenn. Rivers R. R. Co. v. Kidd*, 35 Ala. 209; *Mobile & Girard R. R. Co. v. Prewitt*, 46 Ala. 63; Hutchinson on Carriers, § 356. The concurrence of all these facts may not be necessary to the termination of the carrier's duty and liability; we state them now, because in this case the evidence of their concurrence is undisputed. Having kept and performed its contract and duty as to the transportation of the goods—having carried them to the point of destination, informed the consignees of their arrival, afforded oportunity for their removal, and subsequently retaining custody of them to await the convenience of the consignees—it would be manifestly unjust, if the defendant could be charged as an insurer; charged with the extraordinary liability of a carrier, for a loss subsequently occurring. That duty and liability had terminated; and if the evidence tends to show a loss of the goods, and a consequent liability upon the defendant, it is variant from the allegations of the complaint; it is not because of a violation of the duty therein stated that a liability arises. In no event, could the plaintiff recover under this form of complaint; and if there is error in the giving or refusal of the instructions, to which exceptions were taken, the error is without injury, and is not matter for reversal.

Affirmed.