# Ala. Great Southern Railroad Co. *v.* Grabfelder & Co.

*Action against Railroad Company, as Common Carrier, for Loss of Goods.*

1.   *Variance; loss of goods, and delivery in damaged condition.*—Under a complaint in the form prescribed for the non-delivery of goods by a common carrier (Code, p. 703, Form No. 13), a recovery can not be had on proof that the goods were delivered in a damaged condition.

2.   *Same; liability as common carrier, and as warehouse-man.*—A recovery can not be had against a railroad company as a common carrier, for the loss of goods, or damage to them, when the evidence shows that, at the time of the loss or injury, the liability as a carrier had terminated, and the goods were in the defendant's custody only as a warehouse-man.

APPEAL from the Circuit Court of Tuskaloosa.
Tried before the Hon. S. H. SPROTT.

WOOD & WOOD, for appellant, cited *S. & N. Ala. Railroad Co. v. Wilson*, 78 Ala. 587; *Kennedy v. M. & G. Railroad Co.*, 74 Ala. 430.

[Ala. Great Southern R. R. Co. v. Grabfelder & Co.]

SOMERVILLE, J.—The action in this case is based upon the failure of the defendant to deliver to the plaintiffs certain goods received by defendant as a common carrier, to be delivered at Tuskaloosa, Alabama, for a reward. The complaint is framed in substantial conformity to Form No. 13 (Code, 1876, p. 703), for actions against common carriers.

The evidence shows that some of the goods were delivered in a damaged condition, and that others were not delivered at all; but there is no evidence showing that those not delivered were of any pecuniary value. The evidence further tends to prove that, when the goods were destroyed, or damaged by fire, they were in the custody of the defendant, not as common carrier, but as a warehouse-man, or bailee.

We have held that, under a complaint in the form prescribed for the failure of a carrier to deliver goods (Code, 1876, Form 13, p. 703), a recovery can not be had on proof that the goods were delivered in a damaged condition.—*South & North Ala. Railroad Co. v. Wilson*, 78 Ala. 587.

So, it has also been held by this court, in a recent decision, that, in an action like the present, for the failure to deliver goods, brought against a common carrier, no recovery can be had, when the evidence shows that, at the time of the loss, the defendant's liability as a common carrier had terminated, and the goods were in his custody as a warehouseman.—*Kennedy v. Mobile & Girard R. R. Co.*, 74 Ala. 430. Under this state of the pleadings and evidence, a clear case of variance is presented, which would be fatal to the plaintiff's recovery.

For the foregoing reasons, the court should have given the first instruction to the jury requested by the defendant, which was, to find a verdict for the defendant, if they believed the evidence.

Many of the charges given at the request of the plaintiffs had reference to the plaintiffs' right of recovery based on the defendant's duties and liability as a warehouse-man. These charges were erroneous, because there was no count in the complaint covering this aspect of the case. When the liability of a railroad company as a common carrier terminates, and its liability as a warehouse-man begins, is fully settled in the past decisions of this court, to which we refer without discussion.—*L. & N. R. R. Co. v. McGuire*, 79 Ala. 396; *Kennedy v. Mobile & Girard R. R. Co.*, 74 Ala. 430; *S. & N. Ala. R. R. Co. v. Wood*, 66 Ala. 167; s. c., 41 Amer. Rep. 149; *Ala. & Tenn. R. R. Co. v. Kidd*, 35 Ala. 209.

[Jaffrey & Co. v. McGough.]

The judgment must necessarily be reversed, and the cause remanded. The other rulings of the court need not be passed on, as they raise questions that did not properly arise under the complaint as now framed.

Reversed and remanded.