# Frederick *v.* Louisville & Nashville Railroad Co,

*Action against Common Carrier for Loss of Goods.*

1. *Liability of railroad company as common carrier and as warehouseman.*—When a railroad company receives goods for transportation, transports them to the point of destination and informs the consignee of their arrival and affords him a reasonable opportunity to remove them, its duty and liability as a common carrier cease, and if the goods are then left in its custody, its liability for subsequent loss or damage is that of warehouseman only.

2. *Same; same; when recovery can not be had on a claim against a railroad company as common carrier.*—In an action against a railroad company for the loss of goods, where the complaint declares against the defendant as a common carrier,. a recovery can not be had upon proof of the loss which occurred after the defendant's duty and liability as a common carrier had terminated, and while the goods had been left in its custody ás ·a warehouseman.

3. *Action against railroad company as bailee; burden of proof.*—In an action against a railroad company to recover for the loss of goods, under a count which. seeks to recover against the defendant as a voluntary bailee, the burden is upon the plaintiff to show negligence on the part of the defendant; and in

the absence of proof showing negligence, the plaintiff is not entitled to recover.

APPEAL from the Circuit Court of Bibb.

Tried before the Hon. JOHN MOORE.

This action was brought by the appellant against the appellee. The complaint contained two counts. In the first count the plaintiff claimed $100 for that upon a specified day the defendant received at Nashville, Tenn., six stoves to be delivered at Blocton, Alabama, and it was then averred in said count that the defendant undertook to deliver the stoves but the same were destroyed at Blocton, Alabama, while in the charge of the defendant as a common carrier. In the second count it was alleged that "The defendant had in its possession and under its control for the use and benefit of the plaintiff the following property, to-wit, six stoves, of the value of, to-wit, one hundred dollars. That the defendant so negligently and carelessly conducted itself in the possession and control of said property that the same was destroyed by fire to the plaintiff's loss as aforesaid, hence this suit."

The defendant pleaded the general issue, and the cause was tried upon an agreed statement of facts, which was substantially as follows: The stoves were transported from Nashville, Tenn., to Blocton, Ala., and consigned to the plaintiff. Defendant notified the plaintiff of the arrival of the stoves and the plaintiff went immediately to the depot of the defendant in order to get the stoves. On inspecting them he found that three were badly broken and of no value. Thereupon the plaintiff demanded the stoves that were not broken, and refused to take those that were injured. The defendant refused to deliver any of the stoves unless all of them were delivered. About two weeks thereafter the depot at Blocton, wherein the stoves were stored, was burned and all of the stoves were destroyed. The cost price of the stoves was $89, and the market price at Blocton was $100. The bill of lading was introduced in evidence, and was such a one as is usually given by railroads for the transportation of freight.

Upon the introduction of all the evidence the court rendered judgment for the defendant. From this judg-

ment the plaintiff appeals, and assigns as error the rendering of judgment in favor of the defendant.

J. M. McMASTER and A. L. ARNOLD, for appellant.

J. M. FALKNER, contra, cited *A. G. S. R. R. Co. v. Grabfelder*, 83 Ala. 200; *S. & N. R. R. Co. v. Wilson*, 78 Ala. 587; *Kennedy v. M. & G. R. R. Co.*, 74 Ala. 430; *L. & N. R. R. Co. v. McGuire*, 79 Ala. 396.

DOWDELL, J.—The case was tried by the court without the intervention of a jury, and a judgment was rendered in favor of the defendant. There are only two assignments of error, both of which relate to the judgment rendered. No exception was taken to the judgment in the court below, so far as the bill of exceptions shows, and the exceptions if any were taken and reserved should be shown by the bill of exceptions. This being so, there is nothing in the record upon which to base the assignment of error. It may be said, however, that the judgment appealed from was properly awarded under the pleadings upon the agreed statement of facts on which the case was tried.

The first count in the complaint declared against the appellee as a common carrier. Under the agreed statement of facts the liability, if any, of appellee was that of warehouseman and not common carrier.—*Ala. Gr. So. R. R. Co. v. Grabfelder & Co.*, 83 Ala. 200; *Kennedy v. M. & G. R. R. Co.*, 74 Ala. 430; *L. & N. R. R. Co. v. McGuire*, 79 Ala. 396.

The second count, if it is good for any purpose, seeks a recovery against the defendant as a voluntary bailee. Under this count, the burden of proof was on the plaintiff to show negligence which was averred. The record does not show that any evidence was offered to support the averments of negligence.

We find no error in the record, and the judgment is affirmed.