# Bowdon *v.* Atlantic Coast Line Ry., Co.

*Action for Goods Destroyed by Fire.*

(Decided May 17th, 1906.   41 So. Rep. 294.)

1. *Carriers; Termination of Relation; Arrival of Goods.*—The relation of carrier is not necessarily terminated by the arrival of the goods at destination, but the relation ceases and that of warehouseman begins only after the owner or consignee of the goods has had a reasonable time to remove them after arrival at destination.

2. *Same; Refusal to Deliver; Absence of Waybill; Excuse.*—The failure of the carrier to have a way bill for the goods, furnished no good excuse to the carrier for failure to deliver the goods to the consignee on demand.

[Bowdon v. Atlantic Coast Line Railway Co.]

3. *Same; Loss of Goods; Action; Evidence.*—Where the defendant
   claimed that the goods had been destroyed by fire after the
   expiration of a reasonable time within which the consignee
   could have received them, and after defendant had refused to
   deliver them when delivery was first demanded on account
   of a failure to have received a way bill from the initial car-
   rier, it was competent for plaintiff to show that the delivery
   station was a prepay station, and that it was a custom of de-
   fendant's agent to deliver freight at such station to the owner
   without requiring the production of bill of lading.

APPEAL from Houston Circuit Court.

Heard before Hon. WILLIAM C. OATES, Special Judge.

This was an action to recover damages for failure to
deliver 144 pairs of shoes alleged to have been shipped
over plaintiff's line as a common carrier and the failure
to deliver the same at the point of shipment. The de-
fendant set up by its pleas that the goods were consign-
ed to Gordon, Ala., a town of less than 1,000 inhabi-
tants; that the shipment reached Gordon and was
stored in defendant's warehouse, and remained there 72
hours; that the plaintiff knew of the arrival of said
goods and that the same had been stored in defendant's
warehouse; that said goods remained in said warehouse
until February 26, 1901, when said warehouse or depot
was destroyed by fire, and everything therein consumed,
including the goods mentioned in the complaint; and
asserting that its liability as a common carrier ceased
and determined upon the safe delivery of said goods in
the town of Gordon, after a reasonable time had elapsed
for plaintiff to remove said goods from said warehouse
or depot. For further plea the defendant alleges that
the goods in controversy were shipped during the month
of February, 1901, from St. Louis, Mo., by the receiving
carrier, the Louisville & Nashville Railroad Company,
to Montgomery, Ala., where they were delivered to de-
fendant; that the shipment was made upon a bill of
lading, a copy of which is attached to the plea; that the
goods so shipped were consigned to plaintiff at Gordon,
a station on defendant's line of railway; that said goods
arrived there on the morning of February 24, 1901, and
were stored in the warehouse of the defendant for safe-
keeping; that the Louisville & Nashville Railroad Com-

[Bowdon v. Atlantic Coast Line Railway Co.]

pany had failed at that time to send to defendant's agent any waybill to show whether the freight charges on the goods had been prepaid, or whether the same had been shipped with bill of lading and draft attached for the value thereof; that on the afternoon of the second day after the arrival of said goods at Gordon the drayman came to the warehouse of defendant and asked for the goods, but had no bill of lading; that defendant's agent informed the drayman that he had not yet received the waybills showing how the goods were shipped, or whether the freight charges had been prepaid, and demanded a production of the bill of lading; that the drayman never produced any bill of lading and did not return to the warehouse for said goods; that after midnight on the morning of February 26th, after the arrival of said goods at Gordon, Ala., the warehouse of defendant company and its depot was destroyed by fire, and all of the goods contained therein consumed, without any fault or blame or negligence on part of the defendant, its agents or employes, and after said draymen had made demands for said goods. Defendant avers that the fire which consumed said goods occurred more than 40 hours after the arrival of said goods, and more than 10 hours after the drayman had demanded the goods of the railway agent, and after the demand for the production of the bill of lading by said agent. Defendant further avers that the plaintiff's then place of business was within half a mile of the station known as Gordon, where the goods were stored. Defendants further aver that, although it was the duty of the plaintiff to have produced the bill of lading, which was the sole and exclusive contract between the parties to said shipment, and which showed on its face that the freight charges on said goods had been prepaid, he failed to produce or present the bill of lading; and defendant avers that under the circumstances plaintiff was not entitled to demand the delivery of the goods, nor was it the duty of the discharging carrier to deliver the same. Plaintiff interposed several grounds of demurrer to each of these pleas. To the first one, that the plea fails to allege when the goods reached the town of Gordon, or to state any facts which show that the relation of common carrier

had terminated, and the plea fails to state that 72 hours after the arrival of the goods at Gordon was a reasonable time in which plaintiff might have removed the goods from the depot at Gordon; and said plea fails to state any facts showing that the relation of common carrier had terminated and that of warehouseman had begun. The plaintiff further demurred to last plea, after filing same grounds of demurrer assigned to first plea to last plea, because said plea is prolix, and because said plea presents no answer to the complaint, and because the defendant by said plea seeks to justify the failure of its agent at Gordon to deliver the goods when called for by reason of the plaintiff, not producing bill of lading, and because said plea fails to set up facts showing that a reasonable time had elapsed, after the railroad company was ready and prepared to deliver said goods and before the destruction of said goods by fire, within which plaintiff might remove said goods. The court overruled all these demurrers. Thereupon the plaintiff filed the following replication to first plea as follows: "Plaintiff denies that the shipment remained in the defendant's depot for a period of 72 hours or longer before said depot was destroyed by fire; and as a further answer to said plea that after the arrival of said goods plaintiff sent one McEachern to defendant's depot for said goods, and that the agent of defendant refused to deliver said goods to said McEachern, stating to him that no waybill had been received by him for said goods, and that he could not deliver said goods to said McEachern until he received said waybill. And plaintiff avers that at the time of the arrival of said goods the depot at Gordon, Ala., the station of the defendant railway, was a prepay station and that the freight on said goods was prepaid from St. Louis, Mo., to Gordon, Ala." Demurrers were sustained to this replication. The admitted facts were as follows: That the goods in controversy, worth $175, were shipped by the Dittman Boot & Shoe Company, at St. Louis, Mo., to C. P. Bowdon, at Gordon, Ala., as per bill of lading; that they were shipped over the Louisville & Nashville Railroad Company, to Montgomery, Ala., and from there over defendant's line of railway to Gordon,

and that they reached Gordon on the morning of ——— day of February, 1901, and that they were stored in the warehouse or depot of the defendant; that the warehouse or depot of the defendant was destroyed by fire on the morning of February 26, 1901, and the goods were destroyed along with it.

A. E. PACE and W. L. LEE, for appellant.—The court erred in overruling the demurrer to plaintiff's replication to plea No. 3.—*C. W. Ry. Co. v. Ludden, et al*, 89 Ala. 612; *Kennedy v. M. & G. R. R. Co.*, 74 Ala. 430; *A. & P. Ry. Co. v. Kidd*, 35 Ala. 208; 46 Ala. 63; 80 Ala. 38; 79 Ala. 395. The court erred in sustaining defendant's objection to question propounded to plaintiff's witness as set out in the twelfth assignment.—*Western Ry. of Alabama v. Little*, 86 Ala. 169; *M. & E. Ry. Co. v. Kolb*, 73 Ala. 393; 40 Ala. 337. The question of the negligence of defendant should have been submitted to the jury.— *L. & N. R. R. Co. v. Odom*, 80 Ala. 38; *Gray v. M. T. Co.*, 55 Ala. 397; *Steele v. Townsend*, 47 Ala. 297. The provision in the bill of lading that the carrier's liability ceases as such on arrival of goods at destination is contrary to public policy and void.—See authorities next above; also 89 Ala. 612; 92 Ala. 326; 104 Ala. 390; 109 Ala. 263; 74 Ala. 430. Under the facts in this case the question is one for the jury.—79 Ala. 395.

A. A. WILEY, and ESPEY & FARMER, for appellee.—No brief came to the reporter.

DOWDELL, J.—The plaintiff, appellant here, sued the defendant for failure as a common carrier to deliver certain goods described in the complaint. The defendant sought to avoid liability by setting up as a defense that at the time of the destruction of the goods by fire its duty as a common carrier had terminated and that of a warehouseman had begun and that the fire which destroyed the goods was without fault or negligence on the part of the defendant. The rule of law is well settled in this state that the liability of a common carrier is not necessarily terminated by the arrival of the goods at the point of destination, but that such liability ceas-

es and that of warehouseman begins only after the owner or consignee of the goods shipped has had a reasonable time after arrival at the point of destination to remove the same.—*C. & W. Ry. Co. v. Ludden & Bates*, 89 Ala., 612, 7 South. 471; *Kennedy Bros. v. M. & G. R. R. Co.*, 74 Ala. 430; *Ala. & Tenn. River Ry. Co. v. Kidd*, 35 Ala. 209; *M. & G. R. R. Co. v. Prewitt*, 46 Ala. 63, 7 Am. Rep. 586; *L. & N. R. R. Co. v. Oden*, 80 Ala. 38; *L. & N. R. R. Co. v. McGuire & Co.*, 79 Ala. 395; Hutchinson on Carriers, pp. 356, 358, 359, 378, 379.

Neither of the defendant's pleas Nos. 2 and 3 averred that the plaintiff had had a reasonable time for the removal of the goods in question after their arrival at the point of destination of their shipment. These pleas, therefore, were subject to the grounds of plaintiff's demurrer directed to this defect in the pleas, and the demurrers should have been sustained.

The failure of the defendant railroad company to have a waybill for the freight shipped could furnish no excuse for the failure of the defendant to deliver to the owner and consignee the goods when he called for the same. That the receiving carrier failed to furnish the delivering carrier with a waybill of the goods shipped was no sufficient reason for a refusal by the delivering carrier to deliver the goods to the owner and consignee when he demanded the same.

Under the issues on which the case was tried, it was competent for the plaintiff to show that the railroad station at Gordon was a prepay station, and it was likewise competent for the plaintiff to show that the freight on the goods in question had been prepaid. It was also competent for the plaintiff to show existence of a custom for the railroad agent to deliver freight to the owner or consignee without requiring the production of the bill of lading.

For the errors pointed out, the judgment appealed from will be reversed, and the cause remanded.

Reversed and remanded.

WEAKLEY, C. J., and HARALSON and DENSON, JJ., concur.