[Prestwood v. McGowin, et al.]

# Prestwood *v.* McGowan, *et al.*

### Damages for Breach of Warranty of Title.

(Decided July 6th, 1906.　41 So. Rep. 779.)

1. *Appeal; Failure to Except in Lower Court; Exceptions to Rulings After Judgment.*—Where an exception is not taken to the ruling of the trial court, nor is the matter presented by assignment of error in this court, it will not be considered on appeal, although insisted on in brief of ocunsel.

2. *Same; Parties Aggrieved; Costs; Abatement of Actions.*—Sections 1331 and 1332 are for the benefit of the parties who are discharged, or of the estate of those against whom actions abate by death, and the court's failure to tax costs against plaintiff on account of the abatement of the action by death of one of the defendants, where no costs were taxed against his estate, cannot be raised by one of the defendants who was liable for the entire breach of contract and its attendant costs.

3. *Covenants; Breach of Warranty.*—Sections 1541 and 1545 are intended to govern in suits for the recovery of real estate, and it is not necessary for plaintiff, in an action for damages for breach of warranty of title, to show that the third person in the possession of the land at the time of the conveyance had filed a claim under such sections.

4. *Same; Issue and Proof.*—Where the complaint, in an action for breach of warranty, alleged that at the time the deed was executed to plaintiff a third person had title to and was in possession of the land, proof of the adverse possession of such third person, without proof of his title, was sufficient to authorize a recovery.

APPEAL from Covington Circuit Court.

Heard before HON. JOHN P. HUBBARD.

Action by S. W. McGowan and others against J. A. Prestwood and others. From a judgment in favor of plaintiffs, defendant Prestwood appeals.

POWELL & ALBRITTON, for appellant.—Under the state of the pleadings in this case the court erred in ad-

judging all the costs against Prestwood.—*Handley v. Lawler*, 90 Ala. 527; §§ 1331 and 1332, Code 1896. There can be no adverse possession without color of title or bona fide claim of inheritance or purchase unless the statute is complied with.—§§ 1541-5, Code 1896. For this reason the charges asked by appellant should have been given.

D. H. LEWIS, for appellee.—There was no error in refusing the several charges requested by defendant.— *Prestwood v. McGowan*, 128 Ala. 267; *Copaland v. Mc-Adory*, 100 Ala. 553.

SIMPSON, J.—This was an action claiming damages for the breach of a warranty of title in a conveyance of land. There are numerous assignments of error, but the only matters insisted on in the brief of counsel for appellant are as follows:

1. The failure of the court to tax costs against the plaintiff on account of two defendants in favor of whom pleas of coverture were sustained, and another who died during the progress of the case, on account of which the suit was allowed to abate as to his estate. It may be replied to this that there is no assignment of error on this point, nor any evidence that any exception was taken as to the action of the court in that particular, and, besides this, the judgment of the court shows that the two parties in favor of whom pleas of coverture were sustained were adjudged to "go hence and recover of the plaintiff their costs." As to the abatement, sections 1331 and 1332 of the Code of 1896 are enactments for the benefit of the parties who are discharged, or their estates, and also for the security of the officers of courts, and not the remaining defendant, who is liable for the entire breach of the contract and its attendant costs. No judgment for costs was taken against the estate of Bates.

2. The remaining proposition by appellant is that, inasmuch as the complaint alleges that several parties "had the title to and were in adverse possession of certain parts of said land, it is incumbent on plaintiff to prove both that the parties were in adverse possession

[Prestwood v. McGowin, et al.]

and that they had the title to the parcels of land held by them," and he claims that in this case the possession of said parties could not be adverse, because it was not shown that any statement had been filed, in accordance with sections 1331 and 1332 of the Code of 1896. It is true that the allegata and probata must correspond, and it is also true that in some matters statements in the complaint which it was unnecessary to make must nevertheless be proved before the plaintiff can recover, as, for instance, where the statement is a part of the description of that which is material, so that the case proved is not substantially the same case at that which is alleged.—*Gilmer v. Wallace*, 75 Ala. 220; *Forward v. Marsh*, 18 Ala. 645; *Wilkinson v. King*, 81 Ala. 156, 8 South. 189; *Stewart v. Tucker*, 106 Ala. 319, 17 South. 385; *Conrad v. Gray*, 109 Ala. 130, 19 South. 398; *Dill v. Rather*, 30 Ala. 60. Or where the cause of action proved is variant from that alleged, as in *Kennedy v. M. & G. R. R.*, 74 Ala. 430; *Ala. G. So. Ry. v. Grabfelder*, 83 Ala. 200, 3 South. 432; *Ala. G. So. Ry. v. Thomas*, 83 Ala. 343, 3 South. 802; *Harold v. Jones*, 97 Ala. 637, 11 South. 747. On the other hand, where the attachment bond sued on was set out in the declaration as conditioned that "R. C. and C. C. had prayed an attachment at the suit of said R. and C. C.," while the bond produced recited that "J. J. S." prayed the attachment at the suit of "R. and C. C.," the court says: "We do not think that this is a material variance, for these recitals do not form an essential portion of the condition of the bond.' And in the same case, although the bond was alleged to have been given "for an ancillary attachment, and the bond proved was for an original attachment, it was held not a material variance, as the bond in each case was the same in substance, and the liability the same."—*Dickson v. Bachelder*, 21 Ala. 699, 704. Also, where the action was for neglecting to treat a hired slave with proper care, the court says: "The consideration and terms of the contract of hiring need not be alleged, and, if alleged, they need not be proved," as the right to recover did not depend upon the terms of the contract, but the gravamen being the manner of treatment of the slave while hired.—*Moseley v. Wilkin-*

*son*, 24 Ala. 411. Also, where the bill alleged that "C. F. A." owed the debt, and the proof showed that "A. Bros.," a firm composed of "C. and F. A.," were the debtors, and also where the date of the deed was a year later than alleged, these were not such variances as to affect the right of recovery.—*Peck v. Ashurst*, 108 Ala. 429, 438, 19 South. 781. And this court, also, while deciding that, where a single count contains several distinct, independent averments, each presenting a substantive cause of action, proof of either will authorize a recovery; but where a count contains several averments, "all of which combined together make up the averment of one cause of action, it is necessary to prove each of the averments," goes on to state that "mere redundancy will not vitiate a complaint. The redundant portion may be stricken out or rejected as surplusage."—*Birmingham Ry. & Electric Co. v. Baylor*, 101 Ala. 488, 13 South. 793. Greenleaf states that "surplusage need not be proved," and that "the term 'surplusage' comprehends whatever may be stricken from the record without destroying the plaintiff's right of action; as if, for example, in suing the defendant for a breach of warranty upon the sale of goods, he should set forth, not only that the goods were not such as the defendant warranted them to be, but that the defendant well knew that they were not."—1 Greenleaf on Evidence (15th Ed.) § 51. And he defines a variance to be "a disagreement between the allegation and the proof, in some matter which, in point of law, is essential to the charge or claim, * * * or to have become so by being inseparably connected, by the mode of statement with that which is essential."—Id. § 63.

In order to invalidate a conveyance of land it is not necessary that the party have title or even color of title. It is sufficient if he "asserts bona fide a claim to the property, in so veritable, notorious, and distinct a manner as to charge the vendor with notice."—*Herbert v. Hanrick*, 16 Ala. 581, 596. In an action on a convenant of warranty, in which the complaint alleged that plaintiff was ousted by superior title, and that defendant did not place plaintiff in possession, and that he had not been able to obtain possession, the court says that "the

covenant secures a legal entry, as well as the enjoyment of the lands." Also: "Until the grantor proved he had title to the land conveyed, the possession of Reed was sufficient evidence of title in him, and the plaintiff could not be required to commit a trespass by ousting him. The possession of Reed was prima facie evidence of title in him, which could only be repelled by evidence on the part of the grantor of a title paramount to his." —*Caldwell v. Kirkpatrick*, 6 Ala. 60, 62, 63, 41 Am. Dec. 36. We hold, then, that in this case proof of the adverse possession at the time of the conveyance was sufficient under the complaint to justify a recovery without proof of the title in the party so holding. Sections 1541 and 1545 of the Code of 1896 are intended to govern in suits for the recovery of real estate, but they do not interfere with the principle above alluded to. In a case where a party has bought a tract of land, and finds another in possession of a part of it, he has no way of ascertaining whether he has "color of title, or bona fide claim of inheritance or purchase." That can only come out in a suit for the land, and, as stated in *Caldwell v. Kirkpatrick, supra,* the purchaser makes out a prima facie case when he shows that he cannot obtain possession, because of the possession of another, who claims the land and refuses to deliver it up. It then devolves upon the party, who has given a covenant of title and seisin, to prove that the title which he has warranted is good.

The judgment of the court is affirmed.

McCLELLAN, C. J., and TYSON and ANDERSON, JJ., concur.