(90 South. 502)

## Ex parte ALABAMA GREAT SOUTHERN R. CO.

## ALABAMA GREAT SOUTHERN R. CO. v. WOOD.

(6 Div. 464.)

(Supreme Court of Alabama. June 30, 1921. Rehearing Denied Oct. 6, 1921.)

1. Carriers ⬅7—May contract in different capacity to perform services which they may refuse to perform.

Where a service or act is of such a nature that a common carrier has a right to refuse to perform it, it has a right to contract for the performance thereof, if not ultra vires, in a different capacity from that resting on it as a common carrier.

2. Carriers ⬅12(7)—Evidence as to reasonable charge and reasonable expense thereof held erroneously excluded in suit to recover back charges for parking showman's cars.

In an action to recover back an amount paid a railroad company by a showman for parking his cars on its tracks for a period of 45 days, where it had filed no schedule of charges for such service with the Railroad Commission, evidence that the charge made was a reasonable charge, and evidence as to the reasonable expense of moving the cars from place to place during the 45 days, was erroneously excluded.

3. Carriers ⬅12(1) — Not required to file schedule of charges in order to recover for parking showman's cars.

Code 1907, § 5522, requiring the schedules of a common carrier filed with the Railroad Commission to contain all charges for track and car service or rental, and for switching, demurrage, terminal, and transfer service, and for rendering any other service in connection with the transportation of passengers and property, refers to such rental and service as are to be performed in its capacity as a common carrier, and does not extend to a charge made to a showman for parking his cars on the carrier's tracks for a period of 45 days, and it is entitled to make such charge, though not contained in its schedules.

Certiorari to Court of Appeals.

Petition by the Alabama Great Southern Railroad Company for certiorari to the Court of Appeals to review and revise the judgment of the said court rendered on the appeal of the Alabama Great Southern Railroad Company against J. L. Wood (90 South. 503). Writ granted, and reversed and remanded.

Smith, Wilkinson & Smith, of Birmingham, for appellant.

It is not necessary, and was not necessary, to file any tariff with the Railroad Commission with respect to parking of cars. Elliott on Railroads, §§ 642, 1396; section 5522, Code 1907. The railroad was not acting as a common carrier in renting parking space. 176 U. S. 498, 20 Sup. Ct. 385, 44 L. Ed. 560; 117 U. S. 1, 6 Sup. Ct. 542, 628, 29 L. Ed. 791; 228 U. S. 177, 33 Sup. Ct. 474, 57 L. Ed. 787; 92 Ala. 296, 8 South. 687; 83 Ala. 200, 3 South. 432; 74 Ala. 430; 104 Ala. 390, 16 South. 140; 84 Ala. 173, 4 South. 356; 66 Fed. 506, 14 C. C. A. 257, 30 L. R. A. 161.

Huey & Welch, of Bessemer, for appellee.

The railroad was required to file its tariff with the Railroad Commission for parking cars. Section 5521, Code 1907; 196 Ala. 280, 72 South. 120, L. R. A. 1916F, 120; Acts 1909, p. 210. The provisions of section 5522 cannot be construed otherwise than as requiring tariffs in a case like this. 201 Ala. 180, 77 South. 706; sections 5527, 5531, 5532, 5552, and 5556, Code 1907. See, also, 201 Ala. 180, 77 South. 706; 196 Ala. 280, 72 South. 120, L. R. A. 1916F, 120, and the opinion of the Court of Appeals.

THOMAS, J. In Emerson v. Central of Georgia Railroad Co., 196 Ala. 280, 284, 72 South. 120, L. R. A. 1916F, 120, where the statement is made that the statute is imperative that the schedule of established rates, fares, and charges must be filed by the common carrier with the Railroad Commission (Code, §§ 5521–5523, inclusive), that the carrier is prohibited from charging any other rates or amounts than those specified in such schedules of joint rates as may from time to time be lawfully in force (Code, § 5527), and may not discriminate (sections 5531, 5532), and that recovery may be had for overcharges, penalties, and forfeitures (sections 5553–5555), the duty of a common carrier in the transportation of passengers and property was the subject of controversy.

The foregoing sections of the Code have an appropriate place as a part of article 6 (page 1358 et seq., vol. 2), providing for regulation of railroads and common carriers, especially regulation of the rates that may be charged by railroads as common carriers in the transportation of passengers and property.

[1] It is said by Mr. Elliott, in his work on Railroads (volume 1 [2d Ed.] § 642), that mandamus will not lie against a railroad compelling the performance of a service or an act not clearly within its legal duties as a common carrier; and it must appear in the application for the writ (1) that defendant was obligated under the law to perform such act or service, and (2) that the petitioner has a legal right to demand the performance. Where there is a right of refusal by the common carrier to perform the service or act, there exists the right of contract for the performance of such act or service (if not ultra vires), in a different capacity from that which rests upon it as such common

carrier. We apprehend that it cannot be successfully maintained that mandamus would lie against the Alabama Great Southern Railroad Company as a common carrier to compel it to park the cars of appellee for the period indicated, since such parking of such cars is not a duty it must discharge on application by any one of the general public, or by Mr. J. L. Wood, by reason of its being a common carrier.

[2] The Court of Appeals is not correct in the observation that there "was no error in refusing to allow the defendant to prove that the charge made" for parking of the two cars in question for 45 days was a reasonable charge for such service, and in the observation that defendant may not show the reasonable expense to which it was subject or incurred "in moving the cars from place to place on its side tracks" during the 45 days of the location thereon.

[3] The provisions of section 5522 of the Code of 1907, "for track and car service or rental, and for switching, demurrage, terminal, and transfer service, and for rendering any other service in connection with the transportation of passengers and property," are such rentals and service as are to be charged by the railroad company in its capacity as a common carrier, in the conduct of its business and in the discharge of its duty in the transportation of passengers and freight, and do not extend to track rentals and car service of the nature and kind made the subject of this controversy. The retaining upon its tracks of the two cars of Mr. Wood for a period of 45 days by defendant, who gave permission that Mr. Wood, his family and servants might reside therein while the same stood upon its tracks for such time, was no part of defendant's duties as a common carrier, and could not be compelled by mandamus against the railroad.

Analogous authorities are to the effect that there are services and rentals for which the defendant railroad company is not liable when not in the discharge of its duty as a common carrier. Kennedy Bros. v. Mobile & G. R. R. Co., 74 Ala. 430; Ala. Gt. Sou. R. R. Co. v. Grabfelder & Co., 83 Ala. 300, 3 South. 432; Ala. Gt. Sou. R. R. Co. v. Mt. Vernon Co., 84 Ala. 173, 4 South. 356; Mt. Vernon Co. v. Alabama G. S. Ry. Co., 92 Ala. 295, 8 South. 687; S. F. P. & R. R. R. Co. v. Grant Bros. Const. Co., 228 U. S. 177, 33 Sup. Ct. 474, 57 L. Ed. 787; B. & O. S. W. Ry. Co. v. Voigt, 176 U. S. 498, 20 Sup.

206 ALA.—26

Ct. 385, 44 L. Ed. 560; Memphis & L. R. R. Co. v. Sou. Exp. Co., 117 U. S. 1, 6 Sup. Ct. 542, 628, 29 L. Ed. 791; 4 Elliott on Railroads, § 1396. In Alabama Great Southern v. Mt. Vernon Co., supra, and St. Louis & San Francisco v. Cavender, 170 Ala. 601, 605, 54 South. 54, and Central of Georgia v. Sigma Lumber Co., 170 Ala. 637, 54 South. 205, Ann. Cas. 1912D, 965, where goods were delivered to a common carrier for transportation, but no shipping directions were given, or something remained to be done by the shippers, it was held that the railroad company was not liable for loss or damage to the goods as a common carrier—distinguishing between the duty of the company as a common carrier and as a bailee. The cases of Alabama Great Southern v. Grabfelder, supra, Kennedy Bros. v. Mobile & Girard, supra, and Collins v. Alabama Great Southern, 104 Ala. 390, 16 South. 140, distinguish between the duty of the railroad company as a common carrier and that as a warehouseman—that the company could not be held as a common carrier after the transportation and delivery of goods in its warehouse and notice given to consignee, and the lapse of a reasonable time for its removal by the consignee. L. & N. R. R. Co. v. Hestle, 200 Ala. 137, 75 South. 885; James v. Ala. Gt. Sou. R. R. Co., 202 Ala. 640, 81 South. 582. The federal authorities cited also distinguish the duties of a railroad company as a common carrier from other duties assumed or undertaken to be discharged in another capacity. That is to say, where the right to contract for the performance, in a different capacity from that which rests upon the railroad company as a public or common carrier, is not ultra vires, it may contract for the doing of such act or the discharge of such service in such other or private capacity. Cent. R. R. & B. Co. v. Lampley, 76 Ala. 357, 52 Am. Rep. 334; Liverpool & G. W. S. Co. v. Phenix Ins. Co., 129 U. S. 397, 9 Sup. Ct. 469, 32 L. Ed. 788; M. & L. R. R. Co. v. Sou. Exp. Co., supra; Railroad Co. v. Lockwood, 17 Wall. (U. S.) 357, 21 L. Ed. 627; 4 Elliott on Railroads (2d Ed.) § 1396, and authorities collected; L. R. A. 1915A, 377, note.

It follows from the above that there was error in overruling defendant's motion for a new trial. The writ is awarded; the judgment is reversed, and the cause remanded to the Court of Appeals for further consideration in accordance with this opinion.

Writ granted, and reversed and remanded. All the Justices concur.