174 So. 502

ALABAMA GREAT SOUTHERN R. CO. v. HERRING.

6 Div. 84.

Supreme Court of Alabama.

Feb. 18, 1937.

Rehearing Denied May 27, 1937.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellant.

J. Edward Thornton, of Birmingham, for appellee.

240

FOSTER, Justice.

This is an action by appellee against appellant in one count which is substantially Form No. 15 (page 503, vol. 4, Code 1923), suing defendant as a common carrier for the failure to deliver to the consignee certain specified goods, received for transportation and delivery.

Defendant pleaded the general issue and special pleas, of which those numbered 4 and 6 are called to our attention. Demurrer was sustained to them.

Plea 4 is that the goods not returned or delivered to the consignee are such as could not be transported by the carrier under its tariff provisions, which was not disclosed by an inspection of the containers. The tariff provisions were set out.

Plea 6 also referred to the published tariff and to a stipulation in the bill of lading that the carrier would not carry articles of extraordinary value not specifically noted in the published classification, except by special agreement, and that certain of the articles (not otherwise identified in the plea) were not thus specifically rated, and that it was shown by such tariffs that they would not be transported and that no special agreement was made as to their carriage. This was a plea to limit the recovery pro tanto so as not to include those items.

As to plea 6, it is sufficient to say that it did not specify the property as to which it tendered an issue, and did not include all of it. This it should have done so as to apprise plaintiff what property defendant claimed was not subject to recovery. There was demurrer on that ground. We need not consider other assignments of demurrer.

Plea 4 presents a question of much interest. It alleges that the articles described in the complaint were (all) such as defendant's tariff provisions excluded from transportation by it as a common carrier. But it does not deny that it did transport them for a reward, or that it did not deliver them to the consignee. It does not allege that the loss of the goods did not arise from its concurring negligence. So that taking the complaint and the implied admissions of this plea and its averments, the status is that the goods were shipped for a reward and transported by a common carrier, but were not delivered, and though they were such as were not provided in the tariff schedules, they were in fact received and transported, though not delivered, which may have resulted from defendant's negligence, so far as any allegation or denial in the plea is concerned. There are some well-settled principles which apply to such a situation. A common carrier may hold itself out to the public as being a carrier of certain sorts of goods only, and it is under no obligation to receive for carriage other articles. 10 Corpus Juris 41, 42, § 11; 4 Elliott on Railroads, § 2214 (1466); Director General of Railroads v. Viscose Co., 254 U.S. 498, 41 S.Ct. 151, 65 L.Ed. 372, 373.

But though the railroad may not be bound to accept for carriage such goods pursuant to its duty as a common carrier, it may do so by special or implied contract. Ex parte Alabama Great Southern R. R. Co., 206 Ala. 400, 90 So. 502, 19 A.L.R. 978. It is then not controlled by its published tariffs, and may make a special contract, or one may be implied, and in either event, the liability is governed by the terms of the contract if specially made,

or if implied by the nature of its implication. 4 Elliott on Railroads, § 2214 (1466), and to that extent it is a private carrier or bailee for hire, and is liable for loss due to its negligence, New York C. Railroad Co. v. Lockwood, 17 Wall. 357, 21 L.Ed. 627, 639; Knox v. Rives, 14 Ala. 249, 48 Am.Dec. 97; Hosea v. McCrory, 12 Ala. 349; Melbourne & Troy v. Louisville & Nashville R. R. Co., 88 Ala. 443 (2), 6 So. 762; Haynie v. Waring, 29 Ala. 263, as in other situations where its responsibility is that of a bailee for hire, Central R. R. & B. Co. v. Lampley, 76 Ala. 357, 52 Am.Rep. 334.

In the Lampley Case, supra, it is said that a railroad company is not serving as a common carrier for transporting mail, which is done by special contract; and if money is inclosed in a registered letter sent by mail and is lost by the negligence of the railroad or its responsible servants, it would be liable in a proper form of action. It is also held that if it is stolen while in the car of the railroad, it would not be liable except for its negligence; and that the bare fact of its theft does not show negligence nor its absence. But whether due care was used is an inference of fact upon a consideration of all the circumstances. When a railroad company, or other bailee, is liable only for its negligence, the burden to acquit itself of negligence is on it. Central of Georgia R. Co. v. Jones, 150 Ala. 379, 43 So. 575, 9 L.R.A.(N.S.) 1240, 124 Am.St.Rep. 71; Southern R. Co. v. Aldredge & Shelton, 142 Ala. 368, 38 So. 805; Louisville & Nashville R. R. Co. v. Cowherd, 120 Ala. 51, 23 So. 793. See 10 Corpus Juris 377, note 21, where other Alabama cases are cited.

There is a conflict in other states as to this rule. 5 Elliott on Railroads, § 2731 (1711); 10 Corpus Juris 376, 377. One of our earlier cases stated a different rule without citing other cases. Frederick v. Louisville & Nashville R. R. Co., 133 Ala. 486, 31 So. 968.

■ The measure of duty is also affected by the matter of a reward for the service. If it is done without compensation and for the sole benefit of the bailor, the liability is only for gross negligence or bad faith or willful loss. But if it is done for a reward or compensation, the duty is that of ordinary care and diligence. Bain v. Culbert, 209 Ala. 312, 96 So. 228; Ridgely Operating Co. v. White,

227 Ala. 459, 150 So. 693. The care required is such as would be suggested by the apparent nature of the shipment, if its true value is not known by the carrier.

■ The contract for compensation may be expressed or implied. If no schedule of tariffs includes and fixes the charges, and no special contract does, there would be implied an agreement to pay a reasonable sum, if the circumstances do not justify an inference that it was to be a gratuity.

It is established by the authorities that if a carrier receives for transportation articles not included in its tariffs, and which may be rejected for transportation, but is to have a reward for doing so, if the articles are stolen while in its possession, it is liable for their value if the negligence of defendant or its authorized agents was a proximate concurring cause of their theft, but not otherwise.

■■ We do not think it would lessen this liability of the carrier for its negligence that it did not have notice of the nature of the goods. If they came into the possession of defendant for transportation in a way which does not show an attempt to evade the tariff requirements, but in good faith, and defendant receives them for transportation for a reward, though ignorant of their nature, it is still due the consignee the care of a bailee to prevent their loss or destruction. It cannot evade the exercise of due care by the fact that it is not bound as a common carrier to receive them, or that it probably would not have done so had their nature been known. And in this connection we think the burden is on defendant to show that the goods or some of them, are not in the tariffs, and were lost or stolen without its concurring negligence when they are shown to have been received by it for transportation. To the extent this may be shown to the reasonable satisfaction of the court or jury there should be no liability.

There was no ground of demurrer addressed to the failure of plea 4 to deny the negligence of defendant as a concurrent cause of the loss, nor was there other ground which seems to be well taken, and the demurrer should not have been sustained on the grounds assigned. The suit was tried on an agreed statement of facts. That shows as did the plea that the question of negligence was not deemed an ingredient of the defense.

We are not referred specifically in the record to the exact articles which are claimed were not embraced in the tariffs. One of the letters refers to them as silverware, etc., of extraordinary value. The brief refers to rule 3, on page 13 of the record, which is as follows:

"Unless otherwise provided, the following will not be accepted for shipment nor as premiums accompanying other articles:

"Bank bills, coin or currency; deed, drafts, notes or valuable papers of any kind; jewelery; postage stamps or letters and packets of letters with or without postage stamps affixed; precious metals or articles manufactured therefrom; precious stones; revenue stamps; or other articles of extraordinary value."

 The brief also claims that two small hand painted pictures of the value of $50, four sterling silver candlesticks value $10, and one sterling silver tea service, value $150, are within the excepted classes. We cannot say as a matter of law whether this is true or not, but think it is an inference of fact to be drawn by the jury or judge sitting as such. If it is found that they are within the exception, and were included in the shipment which came into the custody of defendant for transportation, and were lost or stolen without the concurring negligence of defendant, the liability should not include their value.

The judgment is reversed and the cause is remanded that the trial may be had on the principles which we have referred to, and which we think are applicable.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

#### On Rehearing.

FOSTER, Justice.

We wish to make it clear that we did not say that plea 6 was defective because it was a partial defense. Of course, a plea can set up a partial defense by confession and avoidance to that extent. If it purports to be a defense in bar of the entire action, and its substance is such that it is in fact only partial, it is subject to demurrer, and our cases so hold. 16 Alabama Digest 81, Pleading, ⟐ 80. Plea 6 asserted certain facts relating to a certain class of articles, and asserted that plaintiff should not recover for such articles. It did not therefore purport to set up a defense to all the articles sued for not in that class. It was not therefore subject to the objection that it was only a partial defense, as that was all it purported to be, but was objectionable in that it did not name the articles to which it related.

While plea 4 is not as clear as it could be in that respect, we think it may be interpreted as referring to all the articles sued for, so as not to be subject to that objection. On such a plea the proof need not extend to all the articles, but if proof was made as to any of them, to that extent the plea was proven.

We have not mistaken the complaint as being based on a contract. The form of complaint predicates the action on a duty as a common carrier; that is an insurer, not dependent upon negligence. Alabama Great Southern R. R. Co. v. Grabfelder, 83 Ala. 200, 3 So. 432; Frederick v. Louisville & Nashville R. R. Co., 133 Ala. 486, 31 So. 968.

But as we interpret plea 4 in connection with such complaint, it is to assert that as to those goods it is not liable as a common carrier. In order to acquit itself of liability in such a plea, it should assert that it did use due care. But there was no demurrer for such failure.

We think that our interpretation of the situation was correctly stated in the former opinion.

Application for rehearing overruled.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.