184 So. 180

HERRING v. ALABAMA GREAT SOUTHERN R. CO.

6 Div. 358.

Supreme Court of Alabama.

Oct. 6, 1938.

Rehearing Denied Nov. 10, 1938.

J. Edward Thornton, of Birmingham, for appellant.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellee.

620

BOULDIN, Justice.

The action was upon a through bill of lading issued for an interstate shipment of freight to recover for nondelivery of a portion of the shipment. The action was by the shipper and owner against the delivering railway carrier. The cause was here on former appeal. See Alabama Great Southern Railroad Co. v. Herring, 234 Ala. 238, 174 So. 502.

Following that decision, the claim was adjusted as to all items, except "two small hand-painted pictures," "four sterling silver candlesticks," and "one sterling silver tea service." The complaint was recast accordingly. Pleas in short by consent. The cause was heard by the trial judge without a jury upon an agreed statement of facts. From a judgment for defendant, plaintiff appeals.

The sole question for review is the liability vel non of the carrier for the actual value of these articles, lost by theft from the car at the point of delivery, and through no negligence, fault or lack of due care on the part of defendant carrier.

A detailed tabulated statement, including values of these articles, is made exhibit 6 of the agreed facts, and is as follows:

At the time of the shipment the carriers had on file with the Interstate Commerce Commission certain classifications and tariffs, showing ratings on "paintings and pictures," based upon a declared or agreed value in writing, and concluding: "If declared or released value exceeds $5.00 per pound, not taken." Also "Silver Articles or Ware, Sterling * * * not taken."

Section 5 of "Contract Terms and Conditions" in this standard bill of lading, reads: "No carrier hereunder will carry or be liable in any way for any documents, specie, or for any articles of extraordinary value not specifically rated in the published classifications or tariffs unless a special agreement to do so and a stipulated value of the articles are indorsed hereon."

The agreed fact that the loss of these articles by theft was without negligence or want of due care on the part of the carrier negatives any right of recovery against the carrier as a bailee, defined in paragraph 7 of our former decision, 234 Ala. page 241, 174 So. page 504.

The general proposition that a common carrier is not bound to accept and transport any and every article tendered regardless of value, and consequent risk in view of the facilities employed in handling freight by railway carriers, does not seem to be questioned. Alabama Great Southern Railroad Co. v. Herring, supra.

But the chief insistence seems to be that under the Carmack Amendment as amended and now appearing as § 20(11) of the Interstate Commerce Act, 49 U.S.C.A. § 20(11), p. 87, the carrier is bound to carry freight of this class as an insurer

| Number | Articles | Contained in | Weight | Value |
|---|---|---|---|---|
| 2 | small hand painted pictures (unframed) | Barrel | 1 lb. | 50.00 |
| 4 | sterling silver candlesticks | " | 6 " | 10.00 |
| 1 | sterling silver tea service, (tray, teapot, cream and sugar bowls) | " | 15 " | 150.00 |

When these articles were tendered for shipment they were packed, with others, in a barrel. When inquiry was made of the shipper's servant touching the contents of the containers, he disclosed a lack of knowledge, except that they contained household effects. Thereupon, the carrier's agent noted in the bill of lading that the barrel contained "dishes."

against theft. More specifically appellant insists, that the power and duty to make "Classification of property for transportation; regulations and practices," defined by Section 1, Par. 6, of the Interstate Commerce Act (49 U.S.C.A., § 1(6), p. 79), recognized by way of exception in § 20(11), supra, does not empower the carrier in making tariffs, nor the Inter-

state Commerce Commission in approving same, to exclude articles of the class here involved by classifying them as articles "not taken."

The present record is more complete than the former record, upon which this court, referring to the provisions of Rule 3, there copied, announced that if these articles were found to be within the exception stated in such rule, the liability as an insurer against theft would not include their value. Alabama Great Southern Railroad Co. v. Herring, 234 Ala. 238, 242, 174 So. 502, supra.

The present record, as hereinabove noted, discloses that the tariffs in force did purport to exclude these articles, and the bill of lading excluded them, unless by special agreement indorsed thereon.

■ The Supreme Court of the United States, the supreme authority in the construction of the Interstate Commerce Act, 49 U.S.C.A. § 1 et seq., in Director General v. Viscose Co., 254 U.S. 498, 41 S.Ct. 151, 65 L.Ed. 372, held, to employ the language of 1 Roberts Federal Liabilities of Carriers, § 254, page 545: "The exclusion of a commodity from all classes is a classification of the same in as real a sense and with as definite an effect as to include it in any one of the usual classes." See, also, Keogh v. Chicago & N. W. R. Co., 260 U.S. 156, 163, 43 S.Ct. 47, 49, 67 L.Ed. 183.

■ That the shipper is charged with notice of the law made rates and classifications, published and posted as directed by law, is not now to be questioned. Chicago & Alton Ry. Co. v. Kirby, 225 U.S. 155, 32 S.Ct. 648, 56 L.Ed. 1033, Ann. Cas.1914A, 501; Alabama Great Southern Railroad Co. v. Conner, 227 Ala. 562, 151 So. 355; Southern Railway Co. v. Woodstock Mills, 230 Ala. 494, 161 So. 519.

It is further argued that it was the duty of the carrier to discover these articles were in the enclosed container, and decline to carry them, or make a special notation of value, rate, etc.

■ The right of inspection in order to ascertain what is the law made rate, regardless of that specified, does not impose upon a carrier the duty to open and examine closed containers to see if the shipper has placed therein articles not to be taken under its tariffs and bill of lading.

The Bill of Lading Act authorizes a stipulation in such case to the effect that "contents or condition of the contents * * * are unknown" to the carrier. 49 U.S.C.A. § 101, p. 407. The instant bill of lading contained this clause.

It may be argued, that these rules may and do work a hardship on uninformed shippers in cases such as this. But the established public policy to prevent discrimination between shippers, and to enable carriers to operate upon a reasonable schedule of rates, is directly involved. To impose the liability of an insurer for the carriage of articles, not known to be in the carrier's possession, of such extraordinary value that no reasonable rate would cover the risk incident to that form of transportation, would affect the entire rate making structure.

■ We are of opinion there was no error in denying recovery.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.