ERWIN MILLS, INC. *v.* WILLIAMS, et al.

No. 41420 March 7, 1960 118 So. 2d 339

336

*Sams & Jolly,* Columbus; *McKee & McDowell,* Starkville, for appellant.

*Ward & Ward,* Starkville, for appellees.

McGEHEE, C. J.

This is a suit brought by the appellant against the appellees for the value of 12 bales of cotton which were being transferred from Greenwood, Mississippi, to Durham, North Carolina, and which were destroyed by a fire of undetermined origin near Maben Junction, Mississippi.

It was stipulated that neither of the defendants were guilty of any negligence in the transportation of the cargo in question, and that the sole and only question to be decided by the Court in this cause is whether from the

language of the bill of lading the defendants, or either of them, assumed liability as common carriers with respect to this particular shipment; their liability in this case being dependent solely upon whether they were liable as common carriers by virtue of the bill of lading issued by them in this instance.

The bill of lading provides, among other things, that: "The carrier or party in possession of any of the property herein described shall be liable *as at common law* for any loss thereof or damage thereto, except as hereinafter provided." (Emphasis ours).

It will be noted that this provision of the bill of lading does not provide that the defendants, or either of them, shall be liable as common carriers, but "as at common law."

■■ ■ At common law, carriers of property for hire were either common carriers or private contract carriers. Private carriers incur the responsibility of the execise of ordinary diligence only, like other bailees for hire. Special carriers of goods are not insurers and are only liable for loss or injury caused by negligence.

In 9 Am. Jur., Carriers, Section 10, page 435, it is stated: "Private carriers are distinguished from common carriers in respect of (1) the obligation to carry and (2) the liability for loss or injury. The former are not bound to carry for any reason unless the obligation to do so is voluntarily assumed by virtue of a special contract, and are liable for only such loss or injury as results from a failure to exercise ordinary care; the latter are bound to carry for all who choose to employ them and are liable as insurers for the loss or injury of property, with ecrtain exceptions, * * *."

■■ ■ In 13 C. J. S., Carriers, Section 4, page 31, it is said: "A private carrier is one who undertakes by special agreement in a particular instance to transport property without being bound to serve every person who may apply." Citing Alabama Great Southern R. Co. v.

Herring, 34 Ala. 238, 174 So. 502; Film Transport Co. v. Michigan Public Utilities Com., 17 Fed. 2d 857, and numerous other cases.

▆▆ ▆ To constitute a carrier a common carrier, he must hold himself out as engaged in public service for all persons indifferently, so that he would be liable for refusal without excuse, to carry for all who might apply.

Where one engaged in the hauling business invites all to employ him, but reserves to himself the right of accepting or rejecting their offers of goods for carriage, depending upon the attractiveness or advantage of the particular offer, and not by his ability or inability to carry, having regard for his other engagements, is not a common carrier. Belfast Ropework Co. v. Bushell, (1918) 1 King's Bench 210, 8 B. R. C. 783.

▆▆ ▆ In 13 C. J. S., Carriers, Section 74, page 138, it is stated: ''A private carrier is not an insurer of the safety of the goods intrusted to him for transportation. Where such a carrier makes a special contract for the carriage of goods or one is implied, its liability is governed by the terms of the contract if specially made or, if implied, by the nature of its implication. As a general rule, a private carrier is under the duty of exercising at least ordinary care and diligence to prevent damage to the goods intrusted to him for transportation, and is liable where injury results from his negligence or failure to use that care; but his liability is limited to damage or injury resulting from such causes.''

▆▆ ▆ Referring again to Belfast Ropework Co. v. Bushell, supra, it was further stated that it is optional with this carrier whether he will accept or reject any business that is offered him. The fundamental distinction is that a private carrier enters into a contract with each of his customers and assumes no obligation to carry for any other; while the common carrier undertakes to carry for all persons indifferently. Further that the mere fact that a person or corporation transporting

goods on the public highways invites all and sundry persons to employ him does not render him a common carrier as regards liability for loss or damage to the goods, if he reserves the right of accepting or rejecting their offers of goods for carriage, whether his vehicles are full or empty, being guided in his decision by the attractiveness or otherwise of the particular offer and not by his ability to carry.

The only testimony in the case was that given by the defendants J. T. Garrard and Lewis Williams, respectively. Mr. Garrard testified that: ''We only handle what we can and naturally some we can't handle that we don't have equipment and the time to handle and some that we are not qualified to handle. Q. Do you feel free to accept or refuse any shipments that are offered you at any and all times? A. Yes. Q. Would that apply to this particular shipment as well as all your shipments? A. It would. Q. Have you ever held yourself out as a public utility so to speak, as in position to and obligated to carry anything that was brought you by anybody within your territory? A. No, I certainly have not.'' The Court asked Mr. Garrard the following question: ''Mr. Garrard, just for the purpose of clearing up the situation in the Court's mind, of certain commodities that you are qualified to haul and certain commodities that you are not qualified to haul? Is that correct? A. That is right.''

Mr. Lewis Williams, in answer to a question, stated: ''Well we have people come to us and ask us to haul these exempt commodities and you might say make a separate trade every time we are approached by them, anybody that wants something hauled. Q. Is each agreement that you make in each instance in which you haul something based on an individual agreement between you and the customer that you haul for? I mean you all get together on each one of them? A. Yes, sir.'' And when asked whether he held himself out to haul for the

general public he answered: "No, sir, we don't hold out to haul for anybody. We like to haul for enough to keep our equipment busy. If we have equipment that is not busy, of course a customer comes to us we will haul for him, if we can agree. Q. But you make your own decisions on whether you will or will not take a piece of business on each individual case? Is that right? A. That is right. Q. That was true with reference to your hauling for Erwin Mills as well as for other customers? A. That's right."

 █ The foregoing testimony of the defendants is wholly undisputed and we are of the opinion that they were private or contract carriers and not common carriers within the meaning of their testimony and the principles of law hereinbefore stated.

In the case of Harrison v. Roy, 39 Miss. 396, the receipt for the goods referred to the same and stated "which I am to deliver, in like good order and without delay, to A. and W. D. Roy." The receipt or bill of lading further stated that it was to be at the customary rate. It is to be noted that the contract of carriage specifically obligated the carrier to deliver the goods in good order. We do not think that that case is controlling in the instant case, nor that it is controlling as to who is a common carrier within the meaning of the Mississippi Motor Carrier Act, Sub-sections (e) and (f) of Section 7634, Code of 1942.

We think that the action of the trial court in granting the directed verdict in favor of the appellees was correct and that the case should be affirmed.

Affirmed.

*Hall, Holmes, Ethridge* and *Gillespie, JJ.,* concur.